PER CURIAM:
Claimant brought this action to recover damages to her 1989 Mercury Topaz which occurred when her vehicle struck rocks on an exit ramp of Interstate 64 as she was proceeding to W.Va. Route 35. Claimant’s vehicle sustained damages in the amount of $728.15, but her insurance deductible is $500.00, which represents the amount of her claim.
The evidence adduced at the hearing of this claim of May 12,1994, established that claimant was’ driving to her home in Red House at approximately 10:00 p.m. to 10:30 p.m. on January 12,1994. As she drove off the exit ramp at Exit 44, she noticed “all kinds of rocks on the side of the road and there was some in the middle of the road, and then I had no choice to hit the rock or go to the left and hit the side rails...There was rocks all around.” A policeman was following claimant on the ramp and he removed the rocks from the ramp after claimant’s accident. Claimant testified that she drives in this area on occasion and that she noticed rock signs placed by respondent after her accident. This exit ramp has a large rock cliff adjacent to it.
Respondent established that it did not have notice of the rocks in the road on the date of claimant’s accident. Warren Parkins, a supervisor from the Scary, West Virginia, office of respondent, testified that there are falling rock signs are on this particular ramp, but he did not know if the signs were in place prior to claimant’s accident. He had not received any complaints of rocks on this particular ramp of 1-64 prior to claimant’s accident.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645,46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by rocks on the interstate ramp, it must have had either actual or constructive notice of the rocks on the ramp and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977). As the claimant did not meet this burden of proof, the claim must be denied.
Therefore, the Court is of the opinion to and does deny this claim.
*114 Claim disallowed.